IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DISTRICT

Crystal J.,                                    )        Case No.:  2:20-cv-04070-JD-MGB
                                               )
                    Plaintiff,                 )
                                               )
            vs.                                )               **ORDER**
                                               )
KILOLO KIJAKAZI,[1]                            )
Acting Commissioner of Social Security         )
Administration,                                )
                                               )
                    Defendant.                 )
_____)

This social security matter is before the Court with the Report and Recommendation of

United States Magistrate Judge Mary Gordon Baker ("Report and Recommendation") pursuant

to Local Civil Rule 73.02 (B)(2)(a) of the District of South Carolina.  The plaintiff, Crystal J.[2]

("Plaintiff" or "Crystal"), appearing *pro se*, brings this action pursuant to 42 U.S.C. § 205(g) to

obtain judicial review of a final decision of the Defendant Commissioner of Social Security

Administration ("Commissioner" or "Defendant"), regarding Plaintiff's claim for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act.  This matter is now before

the Court by way of a contested Motion to Remand filed by the Commissioner.  (DE 34.)

Plaintiff filed an application for DIB on March 27, 2018, alleging a disability onset date

of April 30, 2011.  (DE 24-5, Tr. pp. 140, 149.)  Her application was denied initially on June 8,

_____

[1]      Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021; and
therefore, he is substituted for Andrew Saul as the defendant in this suit.

[2]      The Committee on Court Administration and Case Management of the Judicial Conference of the
United States has recommended that, due to significant privacy concerns in social security cases, federal
courts should refer to claimants only by their first names and last initials.

2018, and upon reconsideration on August 23, 2018.  (DE 24-5, Tr. pp. 144-46, 156-58.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on October 26, 2018.  (DE 24-6, Tr. pp. 171−72.)  The hearing was held on September 13, 2019.  (DE 24-4, Tr. pp. 102−39.)  Plaintiff testified at the hearing, as did a vocational expert.  (DE 24-4, Tr. pp. 102−39.)  On December 2, 2019, the ALJ issued a decision and found that Plaintiff was not disabled.  (DE 24-2, Tr. pp. 10−22.)  Subsequently, the Appeals Council denied Plaintiff's request for review on September 17, 2020, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  (DE 24-2, Tr. pp. 1−6.)

The Commissioner filed an answer to Plaintiff's Complaint on May 6, 2021.  (DE 24.)  On June 10, 2021, Plaintiff filed a brief requesting that the Court "reverse and award DIB or, at least, reverse and remand the denial of DIB".  (DE 33, p.1.)  On July 12, 2021, the Commissioner filed a Motion to Remand for Entry of Judgment with Order of Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).  (DE 34.)  In the supporting memorandum filed with this Motion, the Commissioner stated: "The Commissioner believes that further administrative action is warranted in this case. On remand, the Appeals Council will remand this claim to an administrative law judge to offer the claimant an opportunity for a new hearing and issue a new decision."  (DE 34, p. 2.)  Plaintiff filed a Response in Opposition to the Commissioner's motion on July 27, 2021.  (DE 40.) The Commissioner filed a Reply to Plaintiff's Response in Opposition on August 3, 2021, reiterating that "further administrative action is warranted in this case to allow the administrative law judge [] to offer the claimant an opportunity for a new hearing and issue a new decision."  (DE 41.)  With permission from the Court, Plaintiff filed a Sur-Reply on August 5, 2021.  (DE 42.)

The Magistrate Judge issued the Report and Recommendation on August 26, 2021, recommending that the Commissioner's Motion be granted, that the decision of the Commissioner be vacated, and that the case be remanded for further administrative proceedings.  (DE 45.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  Mathews v. Weber, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(l).  However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Plaintiff did not file an objection to the Report and Recommendation.  Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference, and it is hereby **ORDERED** that the Commissioner's Motion to Remand for Entry of Judgment with Order of Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) is granted.  It is further **ORDERED** that the Commissioner's decision is **VACATED** pursuant to sentence four of 42 U.S.C. § 405(g) and that the case is **REMANDED** for further administrative proceedings.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

January 31, 2022
Greenville, South Carolina